IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-32,596-02






EX PARTE RANDALL GENE WALSH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 20077 IN THE 336TH DISTRICT COURT

FANNIN COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of murder and was sentenced to confinement for thirty-five years. No direct
appeal was taken. 

 Applicant contends that his plea was rendered involuntary due to counsel's ineffective
assistance in advising Applicant that the State could pursue capital punishment at trial and
in failing to advise Applicant about the elements of the offense charged and about possible
defenses or lesser included offenses that could have been pursued at trial.

 On January 12, 2005, this Court entered an order remanding the application to the 
trial court for findings of fact. We instructed the trial court to make findings of fact as to
whether trial counsel was ineffective. On October 7, 2005, this Court received affidavits
from trial counsel and the State, but no findings of fact from the trial court. The affidavit of
trial counsel, furthermore, failed to address whether he advised Applicant that the State could
pursue capital punishment at trial and whether he discussed with Applicant the elements of
the offense and possible defenses or lesser included offenses. 

 We believe that Applicant has alleged facts that, if true, might entitle him to relief. 
Therefore, it is this Court's opinion that additional facts need to be developed and because
this Court cannot hear evidence, the trial court is the appropriate forum. The trial court may
resolve those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall
order an additional affidavit, or depositions or interrogatories, from trial counsel, or it may
order a hearing. In the appropriate case the trial court may also rely on its personal
recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether counsel advised Applicant that if he did not plead guilty the State could pursue
capital punishment at trial and whether counsel discussed with Applicant the elements of the
offense and possible defenses or lesser included offenses that could have been pursued at
trial. The trial court shall also make any further findings of fact and conclusions of law it
deems relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 26th DAY OF April, 2006.


 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.